# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4530 | **DATE** | August 9, 2011 |
| **CASE TITLE** | Kevin D. Cameron (#K-64950) vs. Arresting Officers, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $13.81 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                                              **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on behalf of his minor son, Jevon Barber. The plaintiff claims that the defendants, unnamed Will County Sheriff's Officers, violated Barber's rights by falsely arresting him.

The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $13.81. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

**(CONTINUED)**

mjm

However, the plaintiff must submit an amended complaint. First, the complaint is devoid of dates. To satisfy the basic notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Furthermore, the complaint does not reflect Jevon Barber's age, either currently or at the time of the events giving rise to this lawsuit.

In addition, the plaintiff has not named a proper defendant. The only named defendant, the alleged victim's mother, cannot be sued under 42 U.S.C. § 1983. In order to be liable under the Civil Rights Act, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Merely providing false information to the police does not transform a private individual into a state actor. *Pepper v. Village of Oak Park*, 430 F.3d 805, 811 (7th Cir. 2005); *see also Kelley v. Myler*, 149 F.3d 641, 649 (7th Cir. 1998) (calling the police and describing the situation to an officer does not support a charge that a conspiracy existed to arrest the plaintiff in violation of her civil rights); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985).

All of the officers in question are unidentified. The plaintiff cannot obtain damages from the defendants unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names. To allow the plaintiff leave to proceed on the complaint as it now stands would therefore get him nowhere.

In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if the plaintiff wishes to pursue his claims, he should amend the complaint to add as defendant a supervisory official or administrator who is in a position to identify the John Doe defendants, such as the Will County Sheriff.

Finally, the plaintiff is advised that unless he is an attorney, he cannot represent his son; nor can Mr. Sherrod represent Mr. Cameron. The court does not find either Mr. Sherrod or Mr. Cameron in the lawyer listings on the Illinois Registration and Disciplinary Commission's website. A non-lawyer cannot represent another individual. *See, e.g., Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one *pro se* litigant cannot represent another"); *Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam); 28 U.S.C. § 1654. "A next friend [i.e., parent] may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (citations omitted). Unless Mr. Cameron and Mr. Sherrod are licensed attorneys, they may not sign documents for others. *See* Fed. R. Civ. P. 11(a).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. **Assuming that the plaintiff is an attorney**, he is granted thirty days in which to submit an amended complaint on the court's required form. **If the plaintiff and Mr. Sherrod are not licensed to practice law in Illinois, the case must be dismissed.** **(CONTINUED)**

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent.  As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint.  Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.  The plaintiff is advised to keep a copy for his files.  The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If the plaintiff fails to comply within thirty days–or if the plaintiff is not a lawyer–the case will be summarily dismissed.  However, the plaintiff will still be responsible for paying the filing fee.