Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4530 | **DATE** | 9/27/2011 |
| **CASE TITLE** | Kevin D. Cameron (#K-64950) vs. Arresting Officers, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for appointment of counsel [#5] is denied. The amended complaint is summarily dismissed on initial review pursuant to Fed. R. Civ. P. 11(a). The case is terminated. Dismissal is without prejudice to re-filing suit through counsel.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, purportedly on behalf of his minor son, Jevon Barber. The plaintiff claims that Will County Sheriff's Officers violated Barber's rights by falsely arresting him in connection with a stabbing incident; he also claims that the victim's mother coerced her daughter to identify Barber as the alleged perpetrator.

By Minute Order of August 9, 2011, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him both to submit an amended complaint and to confirm that he is a lawyer. The plaintiff has submitted a proposed amended complaint; in response to the court's expressed concerns, he implicitly concedes that he is not an attorney and seeks appointment of *pro bono* counsel.

As the court previously advised the plaintiff, he cannot represent his son; nor can Mr. Sherrod represent Mr. Cameron. A non-lawyer cannot represent another individual. *See, e.g., Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("one *pro se* litigant cannot represent another"); *Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam); 28 U.S.C. § 1654. Moreover, as a general rule, "[a] next friend [i.e., parent] may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (citations omitted). "Representative parties such as next friends may not conduct
**(CONTINUED)**

mjm

litigation *pro se*; pleadings may be brought before the court only by parties or their attorney." *Elustra*, 595 F.3d at 704, citing 28 U.S.C. § 1654; Fed. R. Civ. P. 11(a); *Lewis, supra*.

The *pro se* plaintiff is prohibited even from initiating this action for his son; filing suit and then asking for an attorney constitutes an impermissible end-run around Rule 11 of the Federal Rules of Civil Procedure. "One consequence of the normal rule is that a next friend may not, without the assistance of counsel, **bring suit** on behalf of a minor party." *Elustra*, 595 F.3d at 705 (emphasis added), citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ( per curiam ) ("Under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). This rule is designed to protect the interests of the minor party; in addition, it "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Elustra*, 595 F.3d at 705, quoting *Myers v. Loudoun County Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005).

In sum, the court will not entertain a lawsuit brought on behalf of a minor by a *pro se*, incarcerated father. The case is summarily dismissed on preliminary review pursuant to Fed. R. Civ. P. 11(a) as filed by a non-lawyer. Either Mr. Cameron or the child's custodial parent should discuss any concerns about the arrest with a licensed attorney to determine whether a federal cause of action may exist. Any civil lawsuit must be filed by an attorney.

For the foregoing reasons, this case is terminated. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*